BUTTERFIELD *et al.* *v.* OPPENHEIMER *et al.*

(*Supreme Court, General Term, Fourth Department.* April, 1892.)

TRESPASS—WHAT AMOUNTS TO—EXECUTING PROCESS.

An officer in whose hands a requisition for goods has been placed for execution has no right to break open a vault in which such goods are, unless the person in possession of the vault refuses to open it after a reasonable opportunity to do so has been given him; and whether such reasonable opportunity was given is a question for the jury.

Appeal from special term, Onedia county.

Action by Theodore F. Butterfield against Henry E. Oppenheimer, George C. Comstock, and Herbert G. Jones. Verdict and judgment in favor of plaintiff for $813.57. Subsequently plaintiff died, and his executors, Theodore Butterfield and Harriet Butterfield, were substituted. From the judgment and from an order denying a motion for a new trial, made on the minutes, defendants appeal. Affirmed.

Argued before HARDIN, P. J., and MARTIN and MERWIN, JJ.

*W. T. Dunmore*, for appellants. *William Townsend*, for respondents.

MARTIN, J. This action was commenced by the respondents' testator, and prosecuted to judgment. He subsequently died, and the respondents were substituted as parties. The testator was the owner of a store at 165 Genesee street, Utica, N. Y. In September, 1887, he leased it to Louis Wineburgh for the term of three years from May 1, 1888. During the continuance of that term, and on or about June 26, 1890, while Wineburgh was in possession of the store, the sheriff of Oneida county, by virtue of certain executions against Wineburgh, levied upon all of his goods contained therein, consisting of watches, clocks, jewelry, and other goods usually kept in jeweler's stores, and took immediate possession of both goods and store. Subsequently, and about July 1, 1890, the defendant Oppenheimer commenced an action against the sheriff and Wineburgh to recover possession of a portion of the goods levied upon. The papers in that action, including a requisition for certain goods described therein, were placed for execution in the hands of the defendant Jones, a coroner of the county of Oneida. In executing the requisition, the coroner, with the aid and under the direction of the other defendants, broke into and materially injured a vault which was built in and formed a part of such store. It was to recover damages for that injury that this action was brought. The plaintiff's right to recover in this action was based not only upon his ownership of the store, but also upon a transfer to him by Wineburgh of any claim or interest he had in the damages caused by the injury to the vault. So that the plaintiff possessed the interest of both landlord and tenant, and therefore there can be no doubt of his right to any recovery of damages to the vault properly obtained. The appellants sought to justify the injury on the ground that it resulted from a necessary attempt on the part of the coroner to enter the vault for the purpose of securing the property mentioned in the requisition. That, after proper demand, the coroner had the right to open the vault, if it was necessary to obtain any of the property included in the requisition, seems to be conceded by the parties. On the trial the appellants claimed, and gave evidence tending to show, the existence

of such necessity, while the evidence of the plaintiff tended to show there was none. The respondents contend that no such necessity existed or was shown—*First*, because there was no sufficient evidence that any of the property mentioned in the requisition was in the vault; and, *second*, because the sheriff did not refuse to open the vault, or procure it to be opened, as soon as it could be reasonably done. Both of these propositions are disputed by the appellants. They ·were submitted to the jury, and it found for the plaintiff. We have carefully examined the evidence contained in the appeal book, and think it was sufficient to justify the court in submitting the case to the jury, and the jury in finding that the sheriff did not refuse to permit the coroner to enter the vault, but that, owing to his ignorance of the combination upon which the locks were set, the sheriff was unable to open it at once, and that he would have opened it within a reasonable time had it been allowed him for that purpose. The sheriff, being in the possession of the store and goods; was, after demand, entitled to a reasonable opportunity to open this vault before the defendants were justified in breaking into it, even if it contained a portion of the goods mentioned in the requisition. Under the evidence in this case, the questions whether such an opportunity was given, whether any of the goods mentioned in the requisition were in the vault, and whether the acts of the defendants in breaking into the vault were unnecessary and wrongful, were questions of fact. It is true there was a severe conflict in the evidence bearing upon those questions, but they were fairly submitted to the jury, and we think its determination should not be disturbed. We have examined all the exceptions to which our attention has been called by the appellants' brief, but have found none that would justify a reversal, or that require special discussion. Judgment and order affirmed, with costs. All concur.